UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| NORRIS THOMAS | CIVIL ACTION NO. 04-2226 |
| VS. | SECTION P |
| GEO GROUP, ET AL. | JUDGE MINALDI<br>MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Before the court is Norris Thomas's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on October 25, 2004. Plaintiff, who gives his release date from custody as September 20, 2005, was at all times relative to this matter incarcerated at the Allen Correctional Center (ACC), in Kinder, Louisiana. Plaintiff names the GEO Group, ACC Warden O. Kent Andrews, ACC medical staff personnel Nelda Wilson and Sonja West, and Sgts. Thibodeaux and Skinner as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff, who suffers from AIDS and is confined to a wheelchair, complains that he was denied adequate medical attention while he was an inmate in ACC. More specifically, plaintiff claims that he was not getting his medication, and that ACC does not have a handicapped accessible vehicle to transport handicapped inmates to appointments. In this regard, plaintiff alleges that before leaving ACC (in route to a hospital visit), Sgt. Skinner informed Sgt. Thibodeaux that he was not going to touch plaintiff due to plaintiff's AIDS. Thus, it was Sgt.

Thibodeaux that put on gloves and lifted plaintiff into the van (which was not equipped with a handicapped lift). When leaving the hospital, Sgt. Thibodeaux again lifted plaintiff but with only one gloved hand. Sgt. Thibodeaux then dropped plaintiff, causing plaintiff to sustain injuries. As a result of these alleged actions, plaintiff seeks $3,500,000.00 in punitive damages, as well as compensation for his pain and suffering.

## Procedural Background

Plaintiff's original complaint lacked specific information to support his allegations that his constitutional rights had been violated. Thus, this court issued a memorandum order [Doc. #4], directing plaintiff to amend his complaint. Among other things, plaintiff was instructed to provide the court with proof that he fully exhausted all administrative remedies available to him before proceeding with this action in federal court. In response, plaintiff filed an amended complaint [Doc. #8][1], in which he did not address his failure to exhaust administrative remedies.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement **mandatory** in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff concedes that he did not properly exhaust administrative remedies before filing

---

[1] See also Doc.#6, plaintiff's response to Notice of Intent to Dismiss.

this lawsuit as required by 42 U.S.C. §1997e(a). Specifically, plaintiff states that there was no response to his ARP, and that after he received no answer thereto, he "filed into the 19th Judicial District Court #524-188." [Doc.#1, p.2]. Under current law, plaintiff must exhaust the administrative remedy procedure **before** proceeding herein. *Porter v. Nussle,* 122 S.Ct. 983 (2002)(Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Alexander v. Tippah County, Miss.,*351 F.3d 626 (5th Cir. 2003); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). The statute provides for no exceptions. The statute precludes any further action on these claims until plaintiff has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson,* 151 F.3d at 296 (dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 27th day of October, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE